UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER CROLEY, an individual,

    Plaintiff,

v.                                            Case No: 2:16-cv-587-FtM-99CM

AMERICAN AIRLINES, INC., a Delaware corporation,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on defendant American Airlines, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. #17) filed on November 14, 2016. Plaintiff filed a response (Doc. #18) on November 21, 2016. For the reasons set forth below, the motion is denied.

**I.**

On October 24, 2016, plaintiff Jennifer Croley (plaintiff or Croley) filed a two-count Amended Complaint against her former employer, defendant American Airlines, Inc. (defendant or AA) for discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA). (Doc. #14.) Croley alleges in her Amended Complaint that after she was diagnosed with multiple sclerosis in 2003, she was subjected to

discrimination by AA at various times throughout 2003, 2005, and 2009.  (Id. at ¶¶ 15-27.)  Croley further alleges that she was constructively discharged on December 4, 2009 in retaliation for her complaints and AA's refusal to provide her a reasonable accommodation for her disability.  (Id. at ¶¶ 8, 28-30.)  Croley subsequently filed her Charge of Discrimination with the Florida Commission on Human Relations and the U.S. Equal Employment Opportunity Commission (EEOC) in June of 2010 (Doc. #18-1.)[1], and received her Notice of Right to Sue letter from the EEOC on May 3, 2016.  (Docs. ##1-1; 14 at ¶ 7.)

Defendant does not move to dismiss plaintiff's Amended Complaint in its entirety.  Rather, defendant moves to dismiss any occurrence of discrimination or retaliation which occurred more than 300 days prior to plaintiff filing her Charge of Discrimination.  Plaintiff responds that she does not seek damages

---

[1] Defendant attached the Charge of Discrimination as an exhibit to its Motion to Dismiss.  (Doc. #17-1.)  When analyzing a motion to dismiss for failure to state a claim, the court typically considers only the complaint and the exhibits attached thereto.  Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007).  However, a district court may also consider a document attached to a motion to dismiss if the document is central to the plaintiff's claim and the authenticity of the document is not challenged.  Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).  Because plaintiff's Charge of Discrimination is central to plaintiff's claims and not otherwise challenged, the Court will consider it.

or relief in the Amended Complaint for any occurrences within this time frame.

**II.**

"Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party within 180 days of the alleged discrimination and receive statutory notice of the right to sue the respondent named in the charge." Pinkard v. Pullman-Standard, Div. of Pullman, Inc., 678 F.2d 1211, 1215 (5th Cir. 1982) (Unit B)[2]; 42 U.S.C. § 2000e-5(e)(1). To be timely in Florida, a charge of unlawful discrimination must be filed with the administrative agency not more than 300 days after the allegedly unlawful employment practice occurred. Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004); Brooks v. CSX Transp., Inc., 555 F. App'x 878, 880 (11th Cir. 2014). A claim is time barred if not filed within this time limit. Sheffield v. United Parcel Serv., Inc., 403 F. App'x 452, 454 (11th Cir. 2010). Because each incident of discrimination constitutes a separate "unlawful

---

[2] In Stein v. Reynolds Secur., Inc., 667 F.2d 33, 34 (11th Cir. 1982) the Eleventh Circuit adopted as binding precedent all of the post-September 30, 1981 decisions of Unit B of the former Fifth Circuit.

employment practice," "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 112, 114 (2002). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Id. at 113. But the ADA does not bar "an employee from using prior acts as background evidence to support a timely claim." Ledbetter v. Goodyear Tire and Rubber Co., Inc., 421 F.3d 1169, 1179-80 (11th Cir. 2005) (discussing Morgan).

Here, Croley signed her Charge of Discrimination on June 15, 2010, and filed it with the EEOC on an unspecified date in June of 2010.[3] (Doc. #17-1.) The Charge specifies December 4, 2009 as the "date discrimination took place." (Id.) The Court agrees that incidents of discrimination and retaliation that occurred 300 days prior to the date plaintiff filed her Charge of Discrimination would be time-barred and would not properly be before the Court. Plaintiff states that her Amended Complaint does not specifically allege damages for any conduct prior to 300 days. The motion to dismiss will be denied, with the understanding that the Amended

---

[3] The EEOC's Miami District Office's "received" stamp appears in the upper right-hand corner of the Charge of Discrimination. (Id.) The stamped date is illegible, but it appears to have been stamped "received" sometime in June of 2010.

Complaint does not state a claim or seek damages for conduct occurring prior to the 300-day cutoff.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant American Airlines, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. #17) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record